The Honorable Shane Broadway State Senator 201 S.W. 2nd Street Bryant, AR 72022
Dear Senator Broadway:
You have presented the following question for my opinion:
 Is A.C.A. § 12-15-202(b)(1) applicable to a federal law enforcement officer who, in lieu of retirement, elected to receive a tax-free lifetime disability benefit under the Federal Employees Compensation Act?
RESPONSE
It is my opinion that the provisions of A.C.A. § 12-15-202(b)(1), as currently worded, do not apply to any federal law enforcement officer, whether retired or otherwise receiving post-employment benefits. However, the federal laws, rules, or regulations under which a particular officer was previously authorized to carry weapons may include provisions that would apply and preempt state law on this issue. In order to determine whether this is the case, it will be necessary to examine those federal laws, rules, or regulations. I note that this deficiency in the state law could be easily remedied by the General Assembly.
A.C.A. § 12-15-202(b)(1) states:
 (b)(1) Any retired law enforcement officer may carry a concealed handgun:
 (A) Who retired from service with a public law enforcement department, office, or agency for reasons other than mental disability;
 (B) Who immediately before retirement was a certified law enforcement officer authorized by a public law enforcement department, office, or agency to carry a firearm in the course and scope of his or her duties;
 (C) Who has nonforfeitable rights to benefits under the retirement plan of a public law enforcement department, office, or agency;
 (D) Who is carrying appropriate written identification issued by a public law enforcement department, office, or agency identifying him or her as a retired and former certified law enforcement officer;
(E) Who is not otherwise prohibited under federal law; and
 (F) Whose fingerprint impressions are on file with the Department of Arkansas State Police together with written authorization for state and national level criminal history record screening.
A.C.A. § 12-15-202(b)(1).
The term "public law enforcement department, office, or agency," as used in section (b)(1)(A), above, is defined as follows:
 (2) "Public law enforcement department, office, or agency" means any public police department, sheriff's office, or other public agency, force, or organization whose primary responsibility as established by law, statute, or ordinance is the enforcement of the criminal, traffic, or highway laws of this state.
A.C.A. § 12-15-201(2) (emphasis added).
The primary responsibility of federal law enforcement agencies is not the enforcement of the criminal, traffic, or highway laws of the State of Arkansas. It cannot therefore be said that a former federal law enforcement officer is retired from or is receiving benefits from a "public law enforcement department, office, or agency," as required by A.C.A. § 12-15-202(b)(1). Accordingly, I am unable to interpret the provisions of A.C.A. § 12-15-202(b)(1) to extend to federal law enforcement officers. Again, the particular federal laws, rules, or regulations under which a particular officer was previously authorized to carry weapons may provide authority under which former federal officers may carry concealed handguns.
As mentioned previously, the General Assembly could easily amend the wording of A.C.A. § 12-15-202 and the definitions set forth in A.C.A. §12-15-201, to extend the benefit of A.C.A. § 12-15-202 to former federal law enforcement officers. I note that retired federal law enforcement officers can obtain a concealed carry license pursuant to A.C.A. §5-73-301 et seq. without satisfying a residency requirement. See A.C.A. § 5-73-309.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General